**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 APR -5  PM 4: 28

DEPUTY CLERK_____

| | | |
|---|---|---|
| TERENCE MAURICE SMITH | § | |
| | § | |
| | § | |
| v. | § | No. 3:10-CV-02437-D-BL |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | **Referred to U.S. Magistrate Judge** |

## FINDINGS AND RECOMMENDATION

Terence Maurice Smith, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). For the reasons stated herein, the motion should be dismissed as untimely.

### I. BACKGROUND

On November 16, 2007, Smith was sentenced to 150 months in prison and 24 months of supervised release after pleading guilty to eight counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 1). His plea agreement contained an appellate-rights waiver. He did not appeal, and his conviction became final on December 4, 2007. He filed the instant motion on October 15, 2010, and it was received and docketed by the court on November 30, 2010, (Doc. 1), along with his Memorandum in Support. (Doc. 2). Smith filed a Response, (Doc. 4) to a court order, (Doc. 3), to explain why his case was not time barred. Respondent was ordered to answer, (Doc. 5), in compliance with which Respondent has filed a Response, (Doc. 10), to which in turn Smith has filed a Reply. (Doc. 11).

## II. DISCUSSION

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (*en banc*). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255. The AEDPA provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Having been filed on October 15, 2010, well beyond the statutory limitations period of § 2255(f)(1), Smith's motion is time-barred. He has been afforded the opportunity to show cause as to why this action is not time-barred. (Docs. 4, 11). He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review,[1] and he has not shown that he could not have discovered the factual basis of his grounds for relief in a timely manner through the exercise of due diligence. Therefore, Smith is not entitled to statutory tolling.

The court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

---

[1] Smith's repeated (Docs. 2, 4, 11) arguments regarding *Johnson v. United States*, 559 U.S. 133 (2010), are entirely without merit, as that case concerns the interpretation of Florida statutes having nothing to do with Smith's guilty plea.

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Smith has not presented any arguments, facts, or circumstances sufficient to warrant equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the instant petition for writ of habeas corpus be **DISMISSED** as **TIME-BARRED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996).

DATED this 5th day of April, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**